**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4053**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

RAZINO SANCHOS KING,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:16-cr-00064-TDS-1)

Submitted: October 29, 2019                    Decided: December 6, 2019

Before RICHARDSON and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Sophia L. Harvey, LIAO HARVEY PC, Winston-Salem, North Carolina, for Appellant. Kyle David Pousson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Razino Sanchos King pled guilty, pursuant to a written plea agreement, to interference with commerce by robbery (Hobbs Act robbery), in violation of 18 U.S.C. § 1951(a) (2012), and carrying and using, by discharging, a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2012). The district court sentenced King to 180 months' imprisonment, a term within his advisory Sentencing Guidelines range. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. King was advised of his right to file a pro se supplemental brief, but he has not filed one. The Government declined to file a brief.

Because King did not move in the district court to withdraw his guilty plea, we review the guilty plea hearing for plain error. *United States v. Massenburg*, 564 F.3d 337, 342 (4th Cir. 2009). "To establish plain error, [King] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if King satisfies these requirements, "we may exercise our discretion to correct the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Nicholson*, 676 F.3d 376, 381 (4th Cir. 2012) (internal quotation marks omitted). Our review of the record leads us to conclude that the district court substantially complied with Rule 11 of the Federal Rules of Criminal Procedure in accepting King's guilty plea, which King entered knowingly and voluntarily, and that the district court did not plainly err in finding that King was competent to enter his plea.

2

Turning to King's sentence, we review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or failing to adequately explain the sentence. *Id.* If we find the sentence procedurally reasonable, we then consider its substantive reasonableness. *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009). We presume on appeal that a sentence within or below the properly calculated Guidelines range is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Such a presumption is rebutted only when the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." *United States v. Montes-Pineda*, 445 F.3d 375, 379 (4th Cir. 2006).

We discern no procedural or substantive sentencing error by the district court. The district court correctly calculated King's advisory Guidelines range, heard argument from counsel, provided King an opportunity to allocute, and considered the § 3553(a) sentencing factors. We therefore conclude that King's within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with *Anders*, we have reviewed the record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district

court.[*] This court requires that counsel inform King, in writing, of the right to petition the Supreme Court of the United States for further review. If King requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on King.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although we previously held this appeal in abeyance pending our decision in *United States v. Ali*, No. 15-4433, we conclude that continued abeyance is no longer necessary in light of our decision in *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019) (holding that Hobbs Act robbery is crime of violence under § 924(c)'s force clause).